HARDY, Judge.
This action was instituted by Mrs. Beulah Elliott Aulds, surviving spouse of Florence Elgin Aulds, praying that an olo-graphic will of decedent bé admitted to probate, registered, executed and petitioner confirmed as Executrix thereof. To the said petition the four sons, sole children and heirs of decedent, filed an answer by which they opposed the relief sought by the surviving widow of their father and asserted a compromise agreement allegedly constituting a settlement of their father’s estate as between themselves and the surviving widow, praying that the interest of the parties as provided in said agreement be recognized and the property of the Succession disposed in accordance therewith. By way of a supplemental and amended petition the surviving widow alleged that the purported compromise agreement was null, void and of no force and effect, specifically asserting in support of this contention that her signature to the purported compromise was obtained at a time when she was not mentally capable of understanding and consenting thereto; further that the agreement was vague, indefinite and lacking in consideration. In answer to this supplemental pleading the children and heirs of decedent filed a supplemental answer categorically denying the allegations thereof.
After the will was probated trial was had on the principal issue tendered by the pleadings, namely, the determination of the validity, vel non, of the compromise agreement. After trial, upon the basis of detailed reasons incorporated in the transcript of evidence, there was judgment recognizing the validity of the compromise agreement and ordering its enforcement as between the parties thereto. From this judgment the proponent of the will, Mrs. Beulah Elliott Aulds, has perfected this appeal.
The material facts are that Florence El-gin Aulds died on September 23, 1960, survived by James Clarence Aulds, Ira Aulds, Cemien Aria Aulds, and Talbert El-gin Aulds, his sole children and heirs by his first marriage, and by Beulah Elliott Aulds, his second wife, the petitioner and plaintiff herein. By an instrument dated (April 27, 1949), written and signed by decedent, he specifically bequeathed to his wife, Beulah Elliott Aulds, a tract of land containing three acres, together with his interest in the home thereupon, declaring that said house was community property with his named spouse. Unto his children, in equal proportions, the Testator bequeathed the remaining thirty-six acres of property as described in this testament. The Testator’s wife, Beulah, was named as Executrix of the will. At the time of the Testator’s death, which occurred in the St. Francis Hospital in Monroe, his wife was also a patient in the same institution, under treatment for a seriously aggravated diabetic condition. Following her husband’s death Mrs. Aulds was released from the hospital and transferred to the Norris-Booth Clinic in Farmerville, where she was attended by Dr. John G. Norris. She was released from the clinic on September 25, *764 1960, for the purpose of attending her husband’s funeral, but her condition would not permit her to attend the graveside services. On September 26, 1960, the com-, promise agreement, which is here under attack, prepared by the attorney for decedent’s heirs, was duly executed by them and on the same date tendered to Mrs. Aulds for execution, which was accomplished by her signature in the presence of witnesses and a Notary Public. The compromise agreement recited certain facts, those pertinent to this matter setting forth the date of decedent’s death, his execution of a “purported” last will and testament; the existence of debts against the Succession slightly in excess of the sum of $1,100, excluding legal charges; the existence of serious questions as to the validity of the dispositions made in the will; the purpose of the agreement in avoiding litigation and the considerations for its execution, which were set forth as being the granting on the part of the children and sole heirs of decedent to his surviving spouse of the life use and habitation of the house, household goods and furnishings, located on the property described, in return for her agreement accepting such grant in full and complete settlement of her interest and rights under the last will and testament of decedent, together with any and all rights she might have in and to his succession. The grant or conveyance clause of the instrument from Mrs. Aulds to the four named sons and heirs of decedent read as follows:
“All of the property both movable and immovable which the said Florence Elgin Aulds died possessed of including but not limited to the following described immovable property situated in Union Parish, Louisiana, to-wit:
“The Northeast Quarter of the Northwest Quarter (NE 14 of NW '14) of Section Nine (9), Township Twenty (20) North, Range Two (2) East, less and except one lot sold to Mrs. Effie J. Malone and one lot sold to F. O. Malone, and containing after the above exceptions 39 acres more or less, together with all improvements thereon and thereunto belonging.”
As further consideration for the execution of the agreement the children and heirs of decedent assumed payment of all the indebtedness of the Succession of the decedent but specifically excluded “ * * * the personal debts of Mrs. Beulah Aulds, nee Elliott.”
Other facts tendered on trial of the cas.e which we deem necessary to mention revealed that, subsequent to the execution of the compromise agreement, the children of decedent withdrew the balance of a bank account and sold a number of cattle, devoting the proceeds from these sources to the reduction of the debts of the decedent. It appears from the record that both the bank account and the cattle constituted prop-: erties belonging to the community existing between decedent and his surviving spouse. Mrs. Aulds testified that approximately a week after the date of her execution thereof she read the compromise agreement for the first time and concluded that under its provisions she had surrendered valuable rights under her husband’s will without adequate consideration therefor. Since at the time of signing the compromise agreement she had delivered the original will to one of the heirs of decedent, she included' in the demands of her petition for probate, registry and execution of the will an order requiring its production in court, which order was duly complied with.
There is no dispute as to the validity of the form of the will and the principal issue tendered by this appeal relates to the validity and effect of the compromise agreement.
The basis for the attack made by Mrs. Aulds upon the compromise agreement lies in her contentions that by reason of her serious physical disabilities and the shock of her husband’s death, her mental faculties were so impaired that she was unable to and, in fact, did not comprehend the import and effect of the compromise agreement which she executed without *765 reading thereof or having the same read to her. The learned trial judge ably analyzed, in considerable detail, the evidence tendered upon this issue and reached the conclusion that plaintiff had failed to establish these facts by a preponderance of the evidence. We are in accord with this conclusion after our examination of the record, and it follows that the judgment sustaining the compromise agreement executed by the parties thereto in lieu of the will is correct and should be affirmed.
However, we are impressed with certain factual circumstances which are evident from an examination of the record and which we believe require judicial notice in this opinion in order to preserve certain obvious rights to which the plaintiff spouse is entitled. Accordingly, it must be pointed out that the improvements, that is, the home of Mr. and Mrs. Aulds located on the property described, and possibly the furnishings and household goods contained therein, constituted property belonging to the community existing between decedent and Mrs. Beulah Elliott Aulds. Nor does the compromise agreement affect the community status of this property. Reference to the conveyance clause above quoted clearly indicates that Mrs. Aulds conveyed only her claims to the interest of her deceased husband in and to property, movable and immovable of which he died possessed. It is therefore evident that the agreement in question did not effect a conveyance of the community interest of Mrs. Aulds.
Similarly, we think the record establishes the fact that the bank account which was withdrawn and the cattle which were sold by the heirs of decedent also belonged to the community and were not included in the conveyance comprehended by the compromise agreement.
Inasmuch as the rights of Mrs. Aulds to her community interest in properties, movable and immovable, were not affected by the compromise, we think the judgment appealed from should be clarified by recognition of her right to claim an accounting of her interest in community properties from the children and heirs of her deceased husband.
Accordingly, the judgment appealed from is amended by specifically reserving to Mrs. Beulah Elliott Aulds the right to claim an accounting from James Clarence Aulds, Ira Aulds, Cemien Aria Aulds and Talbert Elgin Aulds, the children and heirs of Florence Elgin Aulds, deceased, of her interest in all properties, movable and immovable, belonging to the community with her deceased husband, and as amended the judgment appealed from is affirmed.
It Is Further Ordered that all costs of this suit and the appeal thereof be apportioned equally between the parties litigant.